Good morning, Your Honor. Zandra Lopez of the Federal Defenders on behalf of Mr. Ruvalcaba. Thank you. This case presents an unreasonable search at the border where agents removed the backseat of Mr. Ruvalcaba's car, jeopardizing the safety of the backseat passengers. Furthermore, although the district court did make a factual finding that the backseat was removed or lifted prior to cutting open the upholstery, as noted in the government's brief, there is evidence in the record suggesting that the district court's findings were in error. In regards to the removal of the backseat, the district court did not make a finding regarding the car's safety to the backseat passengers. Once they discover the hidden marijuana without tearing up the seat, then they have probable cause, can't they? They can tear the car apart, can't they? Right. But I think before we get to that issue, the issue is whether the removal of the backseat in and of itself was unreasonable. And what the district court finding was, it wasn't destructive, as in the United States v. Hernandez, where the agents removed the panel of the door. And the agents actually testified that they removed the panel gently so as to find out if there was anything there. If there wasn't anything there, then they would gently replace it without making any damage to the door. Well, when they lifted up the part of the backseat to reveal the marijuana, if there hadn't been any marijuana there, couldn't they simply put the seat back? And I think that's the question that remained. I think defense counsel below presented evidence that there was a safety concern. He presented evidence regarding the child safety seat that was in the back and provided evidence regarding the American Association of Pediatrics, et cetera, regarding the extensive nature of putting the back of a safety seat into the backseat and into the anchors and the safety belt. And so there was a question of whether that the removal in and of itself jeopardized the safety to backseat passengers. But what do we do with the district court's findings? We review those for a clear error. So how did the district court clearly err in this? Well, first, I'd like to direct the Court Your Honor's attention to Excerpt of Records pages 17, 18, and 21, which are pictures of the backseat. And those pictures clearly indicate that the upholstery was slashed open on the backseat itself, not only in the back rear seat rest. So there was a slashing of the backseat, which is contradictory to what the agent actually testified. Also, in the incident report, which is at Excerpt of Record 13, there was nothing in the incident report that the agent distinguished how he discovered the marijuana in the backseat versus how he discovered it in the backseat rest. And furthermore, even in the government's own motion in response to the motion to suppress, the government noted that the upholstery was actually slashed. And then during the agent's testimony, the district court, during its questioning of the agent, actually asked, how did you remove the backseat? And the agent said, I don't recall. I unscrewed the backseat or cut it open. Now, looking at the pictures and the evidence presented in the motion to suppress, it suggests that it was actually cut open rather than just unscrewed. And based on that evidence, and I understand there was more testimony by the agent, but all that taken together, the district court's finding was clearly erroneous. If you want to reserve? Yeah, right. I'll reserve my remaining time for rebuttal. Good morning, Your Honors. May it please the Court, Joseph Green on behalf of the United States. I'm going to keep my comments pretty short and just address the 28-J letter because I think the letter highlights the defect in this appeal, and that is that the defendant really has waived the argument that lifting the seat or removing the seat, whatever the initial search was, was in any way destructive by not raising it at the district court level and by not raising it in the opening brief in this case. There's no evidence in the record anywhere, in any of the questioning or the pictures, that demonstrate that the initial search, and that's the only search that is relevant to this appeal, was in any way destructive or caused damage. And as a result, the search was reasonable and was consistent with the limitations of the Fourth Amendment. If we reach the other issue, if we reach the second question about the destructive nature of the subsequent search, would you mind commenting on that? I'd like you to address that under the assumption that we reached the issue. If you reach the second issue, you know, I think that's a tougher issue because the pictures of the vehicle, which were offered, again, as evidence in this case, do show that the back seat was fairly well destroyed. The seats were cut open, and as already has been indicated, that was appropriate once the marijuana was found. I think it would hinge on whether or not it's important for the vehicle to be able to operate with the passengers who were in it at the time, and in this case that would have been only the driver, or whether the test would be whether the vehicle fully occupied would be safe for all of its passengers. And I think if that were the question, the answer would probably be no, that the vehicle wouldn't have been safe for someone in the back seat. But that's not the case that we have here, so I think that that issue would be better left resolved when it was more squarely in front of the court. But it would be a more difficult position and one that would require, I think, a closer examination. Any further questions? Thank you, counsel. Rebuttal. I have a question before you start. Did the district court, was the district court correct in stating that there was only one passenger in the car? You mentioned there would be a danger or safety concern about back seat passengers because of the removal. Right. I don't understand your position. As I understand the question, is that because there were no back seat passengers, there was maybe no safety concern? Yes. Well, I think looking at the case law in Flores-Montano and subsequent Ninth Circuit cases, that's not really the test. The test is not whether from the border to maybe a mile or two away whether the vehicle will be searched. It's actually, it appears to be based on the precedent whether in the reasonable future will the car operate safely. And looking at the fact that there was a child seat in the back seat, there's a probability that passengers will likely be using the back seat in the foreseeable future. I think just because there weren't passengers immediately at that time doesn't destroy the, doesn't diminish the safety concern to passengers in the back seat. And then in regards to. So your answer is yes, there was only one passenger, one occupant of the car at the time. Correct. Okay. In regards to the letter, I did provide a letter. I just wanted to make a clarification. I didn't think my opening brief was clear on the fact that the district court did make a factual finding that the car seat was removed prior to the slashing of the upholstery. So I wanted to make that clarification. It wasn't my intent to misrepresent the record. But I do note that there are, there is evidence in the record that there was a slashing of the back seat prior to removing the back seat. And based on that, I will submit, unless Your Honors have any further questions. I don't think so. Thank you. Thank you both for your arguments. The case just heard will be submitted for decision. See the oral argument on the next case, which is Mediozone v. Starry Media Corp.
judges: Canby, Thomas, Conlon